■ WILLIAM BOMMER, Respondent-Appellant, et al., Plaintiff, v COUNTY OF ERIE, Appellant-Respondent. (Appeal No. 1.) —Appeal and cross appeal dismissed without costs. Memorandum: Because we have reversed the order denying defendant's motion to set aside the judgment and have granted defendant's motion, the appeal and the cross appeal from the judgment are moot.

■ WILLIAM BOMMER, Respondent-Appellant, et al., Plaintiff, v COUNTY OF ERIE, Appellant-Respondent. (Appeal No. 3.) —Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's motion to set aside the jury verdict in accordance with CPLR 4404 (a). Assuming that defendant's failure to erect the sign post in concrete constituted negligence, there was no showing that such negligence was the proximate cause of the accident. Plaintiff failed to produce any evidence that the failure to mount the post in concrete caused the sign to be down. Thus, there was no showing that the improper installation of the sign contributed to plaintiff's injuries. Because the jury's determination was not based upon any "valid line of reasoning" or "permissible

inferences" which could be drawn from the evidence, the verdict must be set aside *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

All concur, except Doerr, J. P., and Green, J., who dissent and vote to affirm, in the following Memorandum.

Doerr, J. P., and Green J. (dissenting). We dissent. The trial court properly denied defendant's motion to set aside the verdict on a motion pursuant to CPLR 4404 (a). From the evidence presented, the jury could have rationally concluded that defendant was negligent regardless of how the sign was knocked down. The jury could also have found that the lack of concrete contributed to the sign's being down.

Proximate cause is an elusive concept and ultimately depends on the precise factual pattern of the individual case *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784). It is axiomatic that there can be more than one proximate cause of a given harm. Because of the unique nature of the causation inquiry in each case, it is generally for the finder of fact to determine the issue of proximate cause *(Sinsel v Lyons,* 168 AD2d 902). Accordingly, we would vote to affirm. (Appeals from Order of Supreme Court, Erie County, Doyle, J.—Set Aside Verdict.) Present— Doerr, J. P., Boomer, Green, Pine and Balio, JJ.